UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CORNELIUS GREEN, 00-B-1916,

       Plaintiff,

  v.

DR. LESTER WRIGHT, Chief Medical
 Officer for DOCS,

       Defendant.

**DECISION AND ORDER**
09-CV-1106A

---

**I. INTRODUCTION**

  Pending before the Court is a motion by defendant Dr. Lester Wright to dismiss *pro se* plaintiff Cornelius Green's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant seeks dismissal on the grounds that he is only a medical supervisor with the New York State prison system and that he has had no personal involvement in plaintiff's medical treatment. Plaintiff asserts in opposition that defendant was personally involved in this case because he created a policy that led to the denial of the surgical treatment that plaintiff seeks. For the reasons below, the Court will grant defendant's motion but will grant plaintiff leave to file an amended complaint.

## II. BACKGROUND

This case concerns plaintiff's attempt to obtain surgical treatment for what appears to be damage to his left knee. According to the information available in the docket, plaintiff is an inmate at Attica Correctional Facility who injured his left knee in approximately September 2007 while playing football. On October 25, 2007, an Attica doctor by the name of G. Coniglio examined plaintiff and found a Grade I anterior drawer sign in his left knee. Dr. Coniglio diagnosed a torn medial meniscus in plaintiff's left knee and a locked left knee. Dr. Coniglio recommended "[a]rthroscopic surgery with possible ligament repair." (Dkt. No. 7 at 6.) The recommended surgery appears never to have happened. Although plaintiff's complaint does not state this explicitly, the information currently available in the docket suggests that plaintiff has not received any treatment for his knee that would be considered an alternative to surgery.

On December 28, 2009, plaintiff filed a complaint that named only Dr. Wright as a defendant. The complaint contained only one claim, a civil-rights claim under 42 U.S.C. § 1983. In this claim, defendant allegedly violated his Eighth Amendment rights by denying him surgery on his left knee that would have repaired his meniscus and thus would have prevented damage to his anterior and posterior cruciate ligaments. In lieu of answering, defendant filed the pending motion to dismiss on April 9, 2010. The sole basis for dismissal that defendant asserts is personal involvement. Defendant is the Chief Medical

Officer for the New York Department of Correctional Services ("DOCS") and denies having anything to do with plaintiff's treatment and having any knowledge of that treatment. Plaintiff filed papers in opposition to defendant's motion that contained two responses. First, plaintiff asserted in conclusory fashion that "Dr. Wright is personally involved because he has created a policy and custom under which unconstitutional practices occurred which he allows to continue to occur and therefore Dr. Wright is liable within the meaning of [Section 1983]." (Dkt. No. 7 at 3.) Second, plaintiff attached as an exhibit to his response a copy of Dr. Coniglio's October 25, 2007 medical note and recommendation. As of now, defendant has not contested the authenticity of the note.

### III. DISCUSSION

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). That said, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action,

3

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Here, the Court is concerned about the conclusory nature of plaintiff's assertion that defendant was personally involved in his treatment. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted). Plaintiff's complaint alleges no facts stating or at least implying that defendant had any personal involvement in any medical decisions made after Dr. Coniglio's recommendation. Plaintiff confirmed the Court's concern by stating in opposition to the pending motion that his only basis for believing in defendant's personal involvement is his assertion, without explanation, that defendant created and maintains a policy that leads to Eighth Amendment violations. This assertion copies the language from *Wright* setting forth that personal involvement can arise from maintenance of policies that lead to constitutional violations. *See id.* Plaintiff has not moved beyond that copying, though, by pleading anything that he currently knows—*e.g.*, a letter, a memo, or perhaps an oral statement from defendant or any medical official employed by DOCS—that would at least imply a conscious denial of needed medical treatment as a matter of policy. Without at least some kind of factual assertion about an unconstitutional policy, not even the liberal standards for assessing *pro*

4

*se* pleadings can save plaintiff's claim in its current form. Accordingly, the Court grants defendant's motion.

The Court's dismissal of defendant, however, is without prejudice because the liberal standards for assessing *pro se* pleadings warrant giving plaintiff another chance to explain the factual basis for his claim. From plaintiff's papers, there is no reason to believe right now that a policy exists that would have mandated an unconstitutional denial of treatment to plaintiff. That said, Dr. Coniglio's note raises an important factual question that requires an explanation. Specifically, plaintiff's own prison doctor explicitly recommended surgery to repair a torn medial meniscus; that surgery appears never to have occurred; and why that surgery never occurred is not clear. If plaintiff has any factual information suggesting that the surgery did not occur for improper reasons then he must so state in an amended complaint. Plaintiff should explain further whether he is alleging that he received no treatment at all, or that he received some form of treatment that he considers deficient to the point of a constitutional violation.

## IV. CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion (Dkt. No. 5) without prejudice. Additionally, the Court orders as follows:

1) Plaintiff is granted leave to file an amended complaint as directed above by October 15, 2010.

2) The Clerk of the Court is directed to send to plaintiff with this Order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint.

3) In the event that plaintiff fails to file an amended complaint as directed above by October 15, 2010, the complaint shall be dismissed with prejudice without further order of the Court.

4) In the event that the complaint is dismissed because plaintiff has failed to file an amended complaint by October 15, 2010, the Clerk of the Court shall close this case as dismissed with prejudice without further order.

5) In the event that the complaint is dismissed because plaintiff has failed to file an amended complaint by October 15, 2010, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. U.S.*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 1, 2010